IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN WEBER,

                Plaintiff,                OPINION AND ORDER

   v.

                                                  17-cv-164-wmc

ELMBROOK MEMORIAL HOSPITAL,

                Defendant.

---

GLENN WEBER,

                Plaintiff,

   v.

                                                  17-cv-165-wmc

EASTER SEALS SOUTHEASTERN
(WISCONSIN)/MILWAUKEE,

                Defendant.

---

GLENN WEBER,

                Plaintiff,

   v.

                                                  17-cv-256-wmc

KELLY TREU-THIEL,

                Defendant.

---

GLENN WEBER,

                Plaintiff,

   v.

                                                  17-cv-257-wmc

RACHEL L. WIELAND and JEREMY
(last name unknown),

                Defendants.

---

Plaintiff Glenn Weber, proceeding *pro se*, has filed four actions against the

defendants identified in the captions above, which the court will refer to here as '164, '165, '256 and '257. Weber asks for leave to proceed in each lawsuit under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Weber has provided, the court concluded that he was unable to prepay the filing fees for these lawsuits. Accordingly, the court must screen his complaints to determine if each of the proposed actions are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court lacks subject matter jurisdiction over the claims described in the four proposed claims, the court must deny plaintiff leave to proceed and dismiss each case without prejudice.

OPINION

As with all federal district courts, this is a court of limited jurisdiction. Generally, this court may exercise jurisdiction over cases: (1) presenting a federal question (*i.e.*, asserting a federal constitutional or statutory claim), 28 U.S.C. § 1331; or (2) where the plaintiff is a citizen of a different state than the defendant and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). From the face of the complaints, it appears that *both* Weber and the proposed defendants in each of the four subject cases are citizens of the State of Wisconsin.[1] Therefore, the only available basis for jurisdiction over Weber's

---

[1] While Weber does not allege the citizenship of defendants, the complaints provide sufficient information, coupled with public information available on the internet, to conclude that each of the proposed defendants are citizens of Wisconsin. Elmbrook Memorial Hospital, the proposed defendant in the '164 complaint, appears to be part of the Wheaton Franciscan Healthcare network, and is located in Brookfield, Wisconsin. From its name, the court also assumes Easter Seals Southeastern (Wisconsin) / Milwaukee, named in the '165 complaint, is a citizen of Wisconsin.

2

proposed claims would be that of a federal question.

In the '164 case, Weber alleges that: (1) defendant Elmbrook Memorial Hospital failed to do its due diligence in understanding Weber's father's financial situation which resulted in the hospital initiating unwarranted guardianship proceedings; and (2) the hospital referred his father to an expensive retirement home. Weber further alleges that the hospital treated him and his father differently because of how they looked; more specifically, the hospital allegedly did not like Weber's work clothes and believed the clothes Weber brought for his father were dirty. Weber seeks compensation as redress for the hospital's treatment of his father and him.

From these allegations, however, the court cannot discern *any* federal cause of action. Plaintiff does not allege a constitutional or statutory violation. While mistreatment based on one's dress may be hurtful, it is not a protected category. In other words, federal law protects discrimination based on race, gender and national origin, among other protected categories, but differential treatment based on the style of clothing (or a judgment that the clothes worn were dirty) does not give rise to a federal statutory or constitutional claim. If anything, based on the allegations, it sounds as though plaintiff and his father are already involved in a state guardianship proceeding, which likely would

---

Proposed defendant Kelly Treu-Thiel, named in the '256 complaint, appears to reside in Wisconsin, based on materials attached to the proposed complaint ('256, dkt. #1-1, at 1), and the court will assume that also reflects her domicile. The court also assumes that proposed defendants Rachel Wieland and Jeremy (last name unknown) in the '257 complaint are citizens of Wisconsin based on the allegations in the complaint, and plaintiff's attachment showing plaintiff as a resident of Wisconsin. ('257, dkt. #1-1, at 2.) Of course, if plaintiff has a good faith basis to plead complete diversity of citizenship between the defendant(s) in any of the four cases, he may move for reconsideration and file a revised complaint.

have a preclusive effect on his claim in case '614 and may even be his exclusive avenue for relief. *See Hillman v. Maretta*, 569 U.S. 483 (2013) ("The regulation of domestic relations is traditionally the domain of state law.").

The allegations in the second proposed case, '165, appear related to those asserted against Elmbrook Memorial Hospital in '164. Plaintiff contends that Easter Seals Southeastern (Wisconsin) / Milwaukee, an organization involved in his father's care for approximately 2.5 years, and perhaps appointed by a state court to fill that role as guardian, somehow mismanaged his father's money in providing in-home care, effectively depleting his bank accounts. He also alleges that the agency stole court papers from the house, sent a care provider who watched television during his or her shift, and sent another care provider with a cold, who spread it to his father and others. While the court can certainly understand plaintiff's concerns about Easter Seals' care of his father, there is still no *federal* cause of action. At most, plaintiff alleges a breach of fiduciary duty claim, but that would arise under state common (or perhaps statutory) law, *not* federal law.

Next comes the '256 complaint, in which plaintiff alleges that a former co-worker Kelly Treu-Thiel had a personal vendetta against him and influenced his firing, as well as damaged his personal prospects. Still, plaintiff does not allege that Treu-Thiel treated plaintiff differently because of his race, gender, national origin, or other protected category. As such, federal statutes that prohibits discrimination in the workforce, like Title VII, would not appear to apply. Nor does plaintiff allege that Treu-Thiel was a state actor (e.g., acted under color of state law or for a governmental body). To the contrary, the court can discern no federal cause of action from plaintiff's allegations.

Finally, in the '257 complaint, plaintiff seeks to pursue a claim of damages against defendants Rachel Wieland and Jeremy (last name unknown). As with the '256 complaint, his proposed action also involves a co-worker, this time at Wal-Mart, although the allegations are meandering and extend beyond their shared employment. Plaintiff further acknowledges to being interested in dating Wieland, but she allegedly rebuffed his advances and instead reconnected with Jeremy. At some point, plaintiff and Wieland had a conflict over his attempt to assist her in setting up a display. Plaintiff contends that Wieland then retaliated against him by notifying human resources, who originally tried to force him out and then changed his schedule, rather than attempt to resolve an employee conflict. Plaintiff also alleges that Jeremy attempted to run him over with his car in the Wal-Mart parking lot.

Wieland eventually resigned, but plaintiff contends that Wal-Mart continued to attempt to force him out, and he eventually left that job. While no longer working together, plaintiff contends that Wieland continued to harm him in a variety of ways, including poisoning his father, conspiring to cause his friends to lose their jobs, physically assaulting Weber, interfering with the sale of his home, and causing Weber's girlfriend to break up with him, thereby breaking his heart. Although detailed, very serious and apparently covering a significant amount of time and a number of events, these allegations would all appear to be governed by state law, *not* state a federal claim. In particular, plaintiff does not allege that Wieland or her boyfriend discriminated against him based on a protected category or that defendants were state actors subject to claims of

5

discrimination.  Indeed, plaintiff alleges, and this court can discern, *no* federal basis for a claim, constitutional, statutory or even federal common law.

ORDER

IT IS ORDERED that:

1) Plaintiff Glenn Weber is DENIED leave to proceed on the four cases described in the caption.

2) These claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

3) The clerk of court is directed to close each case.

Entered this 19th day of October, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge